## Commonwealth v. Grubb.

*Motor-vehicles—Reckless driving—Information—Act of June 30, 1919.*

Where the record of a proceeding before a burgess, charging violation of section 19 of the Act of June 30, 1919, P. L. 678, does not show compliance with sections 31 and 32 of the act, the proceeding will be quashed, on motion, at the cost of the county in which it was brought.

Motion to quash. Q. S. Dauphin Co., Sept. Sess., 1925, No. 216.

*Robert T. Fox,* for Commonwealth; *John McI. Smith,* for defendant.

Fox, J., Nov. 23, 1925.—This matter comes before us upon a motion to dismiss proceedings for the reason that the record does not show a compliance with sections 31 and 32 of the Act approved June 30, 1919, P. L. 678, or the amendments thereof approved June 14, 1923, P. L. 718, in that no copy of the warrant had been served on the defendant either by mail or otherwise.

The transcript of the burgess discloses that information was made on the 3rd day of August, 1925, charging the defendant with having violated section 19 of the Act of June 30, 1919, P. L. 678, and that on Sept. 8, 1925, a warrant was issued to the constable, D. H. Reigle, for the arrest of the defendant, the charge being that of reckless driving.

Section 32 of the above-mentioned act, amongst other things, provides: "That all informations charging violations of any of the provisions of this act (with certain exceptions) shall be brought within two weeks after the commission of the alleged offence and not after: Provided, that before the service of any warrant, and within the period of seven (7) days after information has been lodged, the mayor, burgess, magistrate, alderman or justice of the peace shall mail to the person so charged, at the address shown by the records of the State Highway Department, a notice in writing of the issuing of the warrant, together with a copy of the information, and if the person named in the warrant shall not voluntarily appear within ten (10) days thereafter, the warrant may then be served as herein provided."

The transcript does not disclose a compliance with this provision. The warrant may not be served until after such notice in writing of the issuing of the warrant, together with a copy of the information, has been mailed to the defendant and if he does not appear.

This record is defective and the proceedings must, therefore, be quashed.

And now, Nov. 19, 1925, upon due consideration, it is hereby ordered, adjudged and decreed that the proceedings in the above-mentioned case are hereby quashed and dismissed, at the cost of the County of Dauphin.

From George R. Barnett, Harrisburg, Pa.